**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Ernestine Coleman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 4007 |
| | ) | |
| ARS National Services, Inc., d/b/a | ) | |
| Associated Recovery Systems, Inc., | ) | |
| a California corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Ernestine Coleman, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages for Defendant's

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) Plaintiff resides here; b) the

acts and transactions occurred here; and, c) Defendant resides and transacts business

here.

**PARTIES**

3.      Plaintiff, Ernestine Coleman ("Coleman"), is a citizen of the State of

Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed for

a Sears/Citibank credit card, despite the fact that she was represented by the legal aid

attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4.     Defendant, ARS National Services, Inc., d/b/a Associated Recovery Systems ("ARS"), is a California corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant ARS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant ARS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant ARS is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, ARS conducts business in Illinois.

6.     Moreover, Defendant ARS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, ARS acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.     Ms. Coleman has limited assets and income, and fell behind on paying her bills, including a debt she owed for a Sears/Citibank credit card.  When ARS was trying to collect this debt from Ms. Coleman, by sending her a collection letter, dated October 2, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendant ARS's collection actions.  A copy of Defendant's letter is attached as Exhibit C.

8.      Accordingly, on November 1, 2010, one of Ms. Coleman's attorneys at LACD informed ARS, in writing, that Ms. Coleman was represented by counsel, and directed ARS to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Coleman was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

9.      Nonetheless, Defendant ARS sent collection letters, dated December 2, 2010, and January 4, 2011, directly to Ms. Coleman, which demanded payment of the Sears/Citibank debt.  Copies of these collection letters are attached as Group Exhibit E.

10.     Defendant ARS's collection actions complained of herein occurred within one year of the date of this Complaint.

11.     Defendant ARS's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications**

12.     Plaintiff adopts and realleges ¶¶ 1-11.

13.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications.  See, 15 U.S.C. § 1692c(c).

14.     Here, the letter from Ms. Coleman's, attorney/agent, LACD, told Defendant ARS to cease communications with Ms. Coleman (Exhibit D).  By continuing to communicate regarding this debt with Ms. Coleman, and demanding payment from her

3

(Group Exhibit E), Defendant ARS violated § 1692c(c) of the FDCPA.

15.     Defendant ARS's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16.     Plaintiff adopts and realleges ¶¶ 1-11.

17.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

18.     Defendant ARS knew that Ms. Coleman was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant ARS to cease directly communicating with her.  By directly sending Ms. Coleman collection letters (Group Exhibit E), despite being advised that she was represented by counsel, Defendant ARS violated § 1692c(a)(2) of the FDCPA.

19.     Defendant ARS's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ernestine Coleman prays that this Court:

1.     Find that Defendant ARS's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Coleman, and against Defendant ARS, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a)

4

of the FDCPA; and,

    3.      Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Ernestine Coleman, demands trial by jury.

                                    Ernestine Coleman,

                                    By: /s/ David J. Philipps_____
                                    One of Plaintiff's Attorneys

Dated:  June 13, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com